**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 18 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TANIA CAROLINA BARAHONA RODAS; et al., | No.   16-72746 |
| Petitioners, | Agency Nos.   A206-908-834 |
| | A206-908-835 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2018[**]

Before:     RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Tania Carolina Barahona Rodas and her daughter, natives and citizens of

Honduras, petition pro se for review of the Board of Immigration Appeals'

("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision

denying their application for asylum, withholding of removal, and relief under the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and review de novo claims of due process violations in immigration proceedings, *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

Petitioners concede that Barahona Rodas' experiences did not rise to the level of persecution, but fear future harm in Honduras based on two proposed social groups. Substantial evidence supports the agency's finding that petitioners failed to establish a likelihood of future persecution by the government of Honduras or individuals that the government is unable or unwilling to control. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005); *see also Mashiri v. Ashcroft*, 383 F.3d 1112, 1119 (9th Cir. 2004) (source of persecution must be the government or forces that the government is unwilling or unable to control). Thus, petitioners' asylum claim fails.

In this case, because petitioners did not establish eligibility for asylum, they failed to establish eligibility for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Substantial evidence also supports the agency's denial of CAT relief because

2 16-72746

petitioners failed to show it is more likely than not that they would be tortured by or with the consent or acquiescence of the government of Honduras. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034-35 (9th Cir. 2014) (concluding that petitioner did not establish the necessary "state action" for CAT relief).

Finally, we reject petitioners' contentions that the IJ violated their due process rights. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**